IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GRASSHOPPER MOTORCYCLES, LTD.,

                Plaintiff,

  v.

TIM RIVERA d/b/a Better Built Backrests,

                Defendant.

ORDER

14-cv-320-slc

---

In this civil action for monetary, declaratory and injunctive relief, plaintiff Grasshopper Motorcycles, Ltd. has brought claims against defendant Tim Rivera d/b/a Better Built Backseats for trade dress infringement and unfair competition under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), Wis. Stat. § 100.18 and Wisconsin common law. Now before the court is plaintiff's motion for entry of default. *See* dkt. 7. Plaintiff's motion will be denied for the reasons set forth below.

An entry of default against a party is proper only "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . ." Fed R. Civ. P. 55(a). In this case, the summons and complaint were served on defendant on May 7, 2014, and defendant had until May 28, 2014 to file an answer. On May 29, defendant, acting *pro se*, filed a letter with the court, denying the allegations in plaintiff's complaint and stating that he believes "no infringement laws compromised." *See* dkt. 5. The next day, plaintiff moved for entry of default on the ground that defendant had failed to file a timely answer or responsive pleading and that defendant's letter fails to comport with the general rules of pleadings and fails to state a defense.

The Seventh Circuit Court of Appeals has held that default is a drastic measure that courts should impose only "in extreme situations where less drastic measures have proven unavailing." *Silva v. City of Madison*, 69 F.3d 1368, 1377 (7th Cir. 1995). Additionally, there is a "well established policy" in this circuit for "favoring a trial on the merits over a default judgment." *Sun*

*v. Board of Trustees of University of Illinois*, 473 F.3d 799, 811-12 (7th Cir. 2007). Thus, a court may enter a default judgment "only when a party wilfully disregards pending litigation." *Id.* Although defendant's answer to plaintiff's complaint was one day late and thus untimely, he has responded and is not "wilfully disregard[ing]" the suit.

Even if I agree that defendant's answer violates Rule 8, this simply would mean that defendant would have to file an amended answer that complies with Rule 8. *Cf. Powers v. Snyder*, 484 F.3d 929, 933 (7th Cir. 2007) (court should give plaintiff leave to replead if allegations in complaint are vague). Although defendant's answer is technically deficient, I do find that he has attempted to defend this case and it is well established that *pro se* pleadings are entitled to a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Furthermore, plaintiff does not identify any unfair prejudice that it suffered as a result of defendant's terse response to the complaint. Under these circumstances, it would not be just to grant default on the basis of this procedural misstep by a *pro se* defendant.

At the preliminary pretrial conference, the court will explain to defendant what he needs to do to file a proper answer and will allow him time to file an amendment. In the meantime, however, plaintiff's motion for entry of default is denied.

ORDER

IT IS ORDERED that plaintiff Grasshopper Motorcycles, Ltd.'s motion for entry of default, dkt.7, is DENIED.

Entered this 12th day of June, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge