IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GRASSHOPPER MOTORCYCLES, LTD.,

                        Plaintiff,

v.

TIM RIVERA d/b/a Better Built Backrests,

                        Defendant.

ORDER

14-cv-320-slc

---

      Plaintiff Grasshopper Motorcycles, Ltd. has brought claims against defendant Tim Rivera d/b/a Better Built Backseats for trade dress infringement and unfair competition under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), Wis. Stat. § 100.18 and Wisconsin common law. Rivera is representing himself in this case. Now before the court is plaintiff's motion to compel discovery. Dkt. 22. Specifically, plaintiff asks for an order compelling defendant to provide appropriate responses to Plaintiff's First Set of Requests for Production of Documents and First Set of Interrogatories (the "Discovery Demands") that were served on him on July 25, 2014. These requests seek information about how defendant developed and promoted his product and the costs associated with doing so.

      Defendant answered the discovery requests by supplying print-outs of his PayPal account activity, his Ebay account activity, his webpages and his Craigslist postings. Dkt. 24, exh. B. *See also* dkts. 19 and 20. On September 11, 2014, counsel for plaintiff—who in the meantime had changed law firms—sent a letter to defendant that explained in great detail why his responses were inadequate and the kinds of additional documents or information that would satisfy the discovery requests. *Id.*, exh. C. Counsel told defendant that he should "not hesitate" to call her to discuss the matter, noting that she had switched law firms and her new contact information was at the top of the letter. *Id.*

      Defendant responded by stating that he had "no idea who Quarles & Brady LLP is" and would not send anything. Counsel replied by explaining that she had merely changed firms and

was still representing Grasshopper and that defendant needed to address her concerns about his discovery responses; she suggested that the two talk by phone. Over the course of a few more email exchanges, defendant remained adamant that he would not communicate with anyone other than Murphy & Desmond (counsel's former law firm) and would not produce any more discovery unless ordered to do so by the judge.

In his response to the motion to compel, defendant now appears to be satisfied that plaintiff's counsel is affiliated with the Quarles & Brady law firm and that this law firm is authorized to communicate with him about this case. However, defendant maintains the same uncooperative tone, accusing plaintiff's counsel of unprofessional conduct and asserting generally that plaintiff's discovery requests are "unreasonable." Apart from some objections regarding tax returns, however, defendant does not say why the requests are unreasonable or explain what efforts he has made to answer them beyond supplying the above-described on-line account information.

Defendant's uncooperative conduct so far in this case is unfortunate. Nobody asks to be sued, but once a lawsuit starts and a party is brought into federal court, that party is subject to the rules governing civil lawsuits, and if he fails to follow the rules or just does nothing and hopes that it will all go away, then things will only get worse for him. In this particular lawsuit, plaintiff's requests *aren't* unreasonable. Defendant needs to start cooperating with plaintiff and providing the information it seeks, and he needs to do so immediately.

Defendant should start by reviewing plaintiff's discovery requests and counsel's detailed follow-up letter from September 11, 2014. Then, defendant must answer <u>each and every</u> question and document request and provide the relevant documents to the best of his ability. <u>This needs to be done not later than December 5, 2014</u>. If defendant has questions about why plaintiff wants a particular document or the kinds of documents that might be relevant, then he

should email or call plaintiff's counsel and let her know his questions or concerns. This is called a "meet and confer"— something commonly done between adversaries in a lawsuit. (Plaintiff's lawyer has attempted various times to help defendant meet his discovery obligations and I have no reason to believe she will not continue to do so, provided defendant treats her with the proper courtesy and respect.) If, after conferring, the parties cannot resolve their difference on their own despite their best efforts, then either side can ask the court to intervene. (For more specifics on how to do this, defendant should re-read the pretrial conference order and Federal Rule of Civil Procedure 26(c).) That's what happened here, and that's why the court is issuing this order regarding defendant's obligation to provide better discovery responses.

I will address two specific concerns raised by defendant's response: first, defendant seems to object to requests for information going back to 2009, on the ground that he did not start selling backrests until 2014. That is not a legitimate objection. Plaintiff is entitled to discover information that is directly relevant or that may lead to the discovery of relevant evidence. Clearly, defendant began designing, developing or planning to sell his backrests before he actually made his first sale in 2014, and plaintiff is entitled to discover records from that time period. A period of five years before defendant started making sales is not unreasonable and it is not unduly burdensome. Obviously, defendant can only produce records that he actually has, so it may be that he has no records from, say 2009 or 2010. However, to comply with his discovery obligations, he still must *look* for such records and produce them if he has them.

Second, defendant says he has no tax returns from his company because it was just started this year. As for his personal tax returns, defendant reports that he has not filed his tax returns for 2013 yet. He also asserts that his 2012 and still-to-be-filed 2013 tax returns are joint tax returns filed with his ex-wife, who will not allow him to disclose her financial information. Defendant should discuss these issues with plaintiff's counsel, who may have suggestions about

3

how to deal with defendant's ex-wife's objections or whether there are other documents that could satisfy this discovery request. For the purposes of this order, however, defendant is advised that he must produce copies of any personal or business tax returns that he has filed for the years 2009-2014.

Two additional matters remain. First, plaintiff asks that its expert be allowed to supplement his expert report in the event defendant provides discovery responses that affect the expert's conclusions. This request is granted.

Second, plaintiff asks the court to order defendant to pay plaintiff's attorney fees and expenses incurred in bringing this motion, as required by Federal Rule of Civil Procedure 37(a)(5)(A). I decline to enter such an order on the ground that it would be unjust to do so, given plaintiff's status as a *pro se* defendant. But this is defendant's only pass. If he continues to disregard plaintiff's requests or if he fails to make genuine and adequate efforts to comply with his discovery obligations in this lawsuit, so that plaintiff has to bring another motion, then this court will have no choice but to order him to pay plaintiff's expenses. Further, if defendant fails to obey this order, then he may face even more severe sanctions, ranging from an order directing that certain facts be found against him to an order of default judgment in favor of plaintiff. Fed. R. Civ. P. 37(b)(2)(A). This means that if defendant continues to fail to provide discovery, then he could lose this entire lawsuit by forfeit, and this court could enter an enforceable judgment requiring defendant to pay the damages claimed by plaintiff solely on the grounds that defendant failed to obey court orders and failed to provide discovery. The court is hopeful that we don't get there from here, but this court has entered default judgments against uncooperative parties in bigger lawsuits than this one and it will not hesitate to do so here if it turns out to be necessary.

ORDER

IT IS ORDERED that plaintiff Grasshopper Motorcycles, Ltd.'s motion to compel discovery, dkt. 22, is GRANTED. Defendant must provide full and complete responses to plaintiff's discovery demands not later than December 5, 2014.

Entered this 13th day of November, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge